UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-283-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | ORDER |
| | ) | |
| **JOSHUA ELIJAH LEU,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821. (Doc. Nos. 27, 28). The Government opposes Defendant's motion. (Doc. No. 32). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny Defendant's motion.

## I.     Background

In July of 2019, police found Defendant Leu, a convicted felon, in possession of a stolen firearm. (WDNC Case No. 3:19CR283, Doc. No. No. No. No. 21 ¶¶ 12–15). Although the police found the gun in the attic of Defendant's home, Defendant later admitted that it was his gun. (Id., Doc. No. No. 21 ¶¶ 13, 15). A federal grand jury indicted Defendant and charged him with possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Id., Doc. No. No. 1). Defendant entered into a plea agreement with the United States and pleaded guilty to the firearm offense. (Id., Doc. Nos. 13–14).

This Court's probation office submitted a presentence report and calculated a total offense level 21. (Id., Doc. No. 21 ¶ 29). Defendant's criminal history garnered 10 criminal history points related to his prior convictions. (Id., Doc. No. 21 ¶ 38). The probation office also assessed Defendant two criminal history points because he committed his offense while under a

1

criminal justice sentence. (Id., Doc. No. 21 ¶ 39). The probation office concluded that the

Sentencing Guidelines advised a sentence of between 70 and 87 months in prison for the robbery

offense based on a total offense level of 21 and a criminal history category of V. (Id., Doc. No.

21 ¶ 73). This Court sentenced Defendant to 74 months in prison. (Id., Doc. No. 23 at 2).

Defendant now asks this Court to reduce his sentence based on Amendment 821 to the

Sentencing Guidelines. Defendant asks this Court to reduce his sentence under Amendment 821

to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).

## II.     Legal Standard

Amendment 821 Amendment 821 to the Sentencing Guidelines made two changes to chapter

4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend.

821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821

retroactively applicable, authorizing eligible defendants to seek a discretionary sentence

reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status

points previously assessed under § 4A1.1(d) for defendants who committed their offense while

under any criminal-justice sentence, including probation, parole, supervised release,

imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that

adds one criminal history point for any defendant who receives 7 or more points and who

committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines §

1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district

court generally to reduce a defendant's sentence in any case in which a defendant is serving a

term of imprisonment and the guideline range applicable to the defendant "has subsequently

2

been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III.    Analysis

Defendant is not eligible for a reduction in his sentence under Amendment 821. As he asserts in his motion, Defendant received two criminal history points because he committed his firearm offense while he was under a criminal justice sentence. Under Amendment 821, he would receive only one of those criminal history points because he had more than six criminal history points related to her prior convictions. Without that criminal history point, Defendant's total criminal history points is reduced from 12 to 11. With 11 criminal history points, Defendant's criminal history category would remain category V. See U.S.S.G. ch. 5, part A. Because application of Amendment 821 would not alter Defendant's criminal history category,

the Sentencing Guidelines would still advise a sentence of between 70 and 87 months in prison based on a total offense level of 21 and a criminal history category of V. Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because application of Amendment 821 does not lower his advisory guideline range. The Court will therefore deny his motion.

<u>**ORDER**</u>

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821 (Doc. Nos. 27, 28) is **DENIED**.

Signed: January 23, 2024

Max O. Cogburn Jr.
United States District Judge